UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

EDGARD BERNAL,

               Plaintiff,

v.

AG FREIGHT LLC, *et al*,

               Defendants.

Case No. 2:21-cv-01881-RFB-VCF

**ORDER**

## I.      INTRODUCTION

Before the Court are four motions: Plaintiff's Motion for Entry of Clerk's Default against Defendant AG Freight LLC, ECF No. 8; Plaintiff's Motion for Entry of Clerk's Default against Defendant Angel Morera Gonzalez, ECF No. 12; Defendants' Counter Motion to Quash Purported Service, ECF No. 26; and Defendants' Motion to Extend Time, ECF No. 27.

## II.     PROCEDURAL HISTORY

Plaintiff filed a Complaint against Defendants AG Freight LLC and Angel Morera Gonzalez on July 20, 2021 in the Eighth Judicial District Court of Clark County, Nevada. ECF No. 1.

     *a.   Defendant AG Freight LLC*

On September 14, 2021, Plaintiff served the Summons and Complaint on Defendant AG Freight LLC. Id. On October 13, 2021, Defendant AG Freight LLC removed the action to this Court based on diversity jurisdiction. Id.[1]

On October 21, 2021, Plaintiff moved for entry of clerk's default against Defendant AG Freight LLC under Federal Rule of Civil Procedure 55. ECF No. 8. Four days later, on October 25, 2021, Defendant AG Freight LLC filed an Answer and Response to Plaintiff's Motion for Entry of Clerk's Default. ECF Nos. 9, 10.[2] On November 1, 2021, Plaintiff filed a Reply in support of his Motion for Entry of Clerk's Default. ECF No. 11.

> b.   *Defendant Angel Morera Gonzalez*

On October 11, 2021, Plaintiff served the Summons and Complaint on Defendant Morera Gonzalez. ECF No. 12. Plaintiff then moved for entry of clerk's default against Defendant Morera Gonzalez on November 3, 2021. ECF No. 12.[3] Defendants responded on November 17, 2021. ECF No. 16. Plaintiff replied on November 24, 2021. ECF No. 17.

On December 10, 2021, Defendants filed a Counter Motion to Quash Purported Service. ECF No. 26. The counter motion alleges that Plaintiff's Motion for Entry of Clerk's Default against Defendant Morera Gonzalez is procedurally defective. On the same day, Defendants filed a Motion to Extend Time, arguing that, if the Court does not grant Defendants' Counter Motion to Quash, the Court should grant Defendants an extension of time to file an Answer. ECF No. 27. Plaintiff responded to the Counter Motion and Motion to Extend Time on December 17, 2021. ECF Nos. 28, 29. Defendants replied on December 23, 2021. ECF Nos. 30, 31.[4]

---

[1] "A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." Fed. R. Civ. P. 81(c)(2).

[2] Three days before, on October 22, 2021, Defendant AG Freight LLC had filed an answer to the complaint in state court. See Edgard Bernal vs. Angel Gonzalez et al., No. A-21-838204-C (Dist. Ct. Nev. July 20, 2021).

[3] Defendant Morera Gonzalez needed to respond "within 21 days after being served with the summons and complaint.' See Fed. R. Civ. P. 12(a)(1)(A)(i).

[4] The parties filed supplemental responses in support and in opposition to Defendants' Counter Motion to Quash Purported Service. See ECF Nos. 39, 40. As they were filed without leave of court granted, the court does not consider these responses. See Local Rule 7-2(g). For the same reason, we do not consider Defendants' attempt to supplement Defendant Morera Gonzalez's Response to Plaintiff's Motion for Entry of Clerk's Default against him. See ECF Nos. 16, 24.

This Order follows.

### III.    LEGAL STANDARD

#### a.  *Service of Process*

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure 4]." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Under Rule 4, a defendant must be served a summons with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint. United Food & Com. Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984).

#### b.  *Entry of Default*

Pursuant to the Federal Rules of Civil Procedure, the entry of default is only proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the complaint. Fed. R. Civ. P. 55(a). There is no right to a default judgment; its entry is entirely within the discretion of the district court. See Draper v. Coombs, 792 F.2d 915, 925 (9th Cir. 1986); see also Rashidi v. Albright, 818 F. Supp. 1354, 1356 n.4 (D. Nev. 1993). Defaults are generally disfavored, Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986), and courts will attempt to resolve motions for entry of default "so as to encourage a decision on the merits." See McMillen v. J.C. Penney Co., Inc., 205 F.R.D. 557, 558 (D. Nev. 2002) (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001)).

Federal Rule of Civil Procedure 55(c) allows for an entry of default to be set aside for "good cause." In analyzing whether "good cause" exists, courts consider three factors. United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010).  First, "whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default." Id. "A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." Id. at 1092. Second, "whether [it] had [no] meritorious defense." Id. at 1091. To have a meritorious defense, a defendant needs to only "allege sufficient facts that,

if true, would constitute a defense." <u>Id.</u> at 1094. Third, "whether reopening the default judgment would prejudice the other party." <u>Id.</u> Setting aside the entry of a default judgment "must result in greater harm than simply delaying resolution of the case." <u>Id.</u> at 1095. Consideration of these factors is "disjunctive, such that a finding that any one of the[m] [] is true is sufficient reason for the district court to refuse to set aside the default" <u>Id.</u> at 1091. At bottom, because a "judgment by default is a drastic step appropriate only in extreme circumstances," a case should be decided "on the merits" whenever possible. <u>Id.</u>

IV.    **DISCUSSION**

   a.  *Defendants' Counter Motion to Quash Purported Service Against Defendant*
       *Angel Morera Gonzalez*

Before addressing Plaintiff's motions, the Court addresses Defendants' Counter Motion to Quash Purported Service against Defendant Morera Gonzalez, ECF No. 26, and Defendants' Motion to Extend Time, ECF No. 27.

Here, the affiant that served Defendant Morera Gonzalez states he did so by "leaving a copy of the Summons and Complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2). Specifically, the affiant states that a copy was left with "Sibrio. R. (Hispanic male, 40 years old, 5'8", 190 lbs.), roommate" at Defendant Morera Gonzalez's purported address: 14628 N. 52nd Lane, Glendale Arizona 85306. ECF No. 26-2 at 2. This is also the address where Defendant Morera Gonzalez's daughter, Arlet Morera, lives. Defendants assert, however, that evidence, including affidavits from Defendant AG Freight LLC's owner and Arlet Morera, shows that Defendant did not live at the purported address at the time the alleged service occurred. Defendants also contend that the purported service fails because it does not list the full name of the individual allegedly served with the documents. They accordingly argue that Defendant Morera Gonzalez was improperly served under Federal Rule of Civil Procedure 4 and Local Rule 5-1(a).[5]

At this stage of the litigation, the Court denies Defendants' Counter Motion to Quash

---

[5] Under Local Rule 5-1(a), a proof of service "must show the day and manner of service and name of each person served."

Purported Service against Defendant Morera Gonzalez without prejudice. The Court prefers to resolve this case on the merits. Cf. Eitel, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). Here, Defendant Morera Gonzalez was allegedly employed by Defendant AG Freight LLC when Defendant Morera Gonzalez's alleged negligent actions giving rise to the instant action occurred. Further, as Defendants share the same counsel, they have proactively responded to the litigation, including filing a petition for removal, answering the Complaint, and responding to Plaintiff's motions for entry of clerk's default against them.

Defendants may nevertheless subsequently file a motion for summary judgment concerning whether the Court has jurisdiction based on insufficient service of process.

      *b. Plaintiff's Motions for Entry of Clerk's Default against Defendants AG Freight LLC and Angel Morera Gonzalez*

The Court now addresses Plaintiff's Motions for Entry of Clerk's Default against Defendant AG Freight LLC, ECF No. 8, and against Defendant Morera Gonzalez, ECF No. 12. Defendants argue that both motions should be denied.

      *i. Defendant AG Freight LLC*

Defendants first argue that Defendant AG Freight LLC did not engage in culpable conduct that led to the Plaintiff's Motion for Entry of Clerk's Default. Instead, Defendant asserts it acted in good faith, both by timely removing this action to federal court and filing an answer the same business day it responded to Plaintiff's Motion for Entry of Clerk's Default. Plaintiff disagrees, asserting that Defendant had multiple opportunities to file timely responsive pleadings but continuously failed to do so. Plaintiff contends that these late filings constitute culpable conduct warranting entry of default. Next, Defendants contend that Defendant AG Freight LLC has meritorious defenses against Plaintiff's negligence-based claims in this action. They assert, for instance, that they will allege that Plaintiff has a pre-existing condition that required itself required any surgery Plaintiff is alleging was a result of Defendant AG Freight LLC's negligence. They will also contend that, as stated in a police report, Plaintiff's driving made him contributorily negligent. Plaintiff argues, however, that these defenses are not meritorious because they are not

complete defenses to its liability and fail to account for the full extent of damages Plaintiff seeks in this action, including those resulting from the accident. Lastly, Defendants contend that there would be no unfair prejudice to Plaintiff if his motion was denied because Defendant AG Freight LLC's failure to timely answer Plaintiff's Complaint only caused minor delays, which were inadvertent. Plaintiff, however, disagrees and asserts that there is prejudice because Plaintiff would be denied the admission of liability that comes with entry of a default while Defendant's misconduct behind its failure to timely respond to Plaintiff's Complaint would be rewarded.

The Court concludes that Rule 55(c)'s "good cause" analysis favors Defendants AG Freight LLC. First, the Court does not find that Defendant's failure to answer Plaintiff's Complaint was intentional. See Mesle, 615 F.3d at 1092. Although Defendant's answer, following its removal of this action to federal court, was untimely, Defendant nevertheless answered the Complaint and has responded to Plaintiff's instant motion. Thus, the Court does find that Defendant has acted in a culpable manner to warrant entry of clerk's default against it.

Second, Defendant alleges facts sufficient to establish a meritorious defense to Plaintiff's claims. The three causes of action alleged against Defendant AG Freight LLC are for (1) negligent entrustment, (2) respondeat superior, and (3) negligent hiring, training, retention, and supervision. At the core of Plaintiff's claims is Defendant Morera Gonzalez's alleged negligence while being employed by Defendant AG Freight LLC. Here, Defendant asserts that Plaintiff was contributorily negligent because, according to a police report, Plaintiff saw Defendant Morera Gonzalez's vehicle and still failed to avoid colliding with it. Although Nevada does not recognize contributory negligence as a complete defense in negligence actions, a plaintiff may still be barred from recovery if "his or her comparative negligence" is "greater than that of the defendant or defendants." Woosley v. State Farm Ins. Co., 18 P.3d 317, 321-22 (Nev. 2001). Thus, here, as it relates to causation and damages, "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Hawaii Carpenters' Tr. Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).

Lastly, the Court does not find that denying entry of default will prejudice Plaintiff. First,

as the Court stated above, it does not find that Defendant intentionally failed to answer Plaintiff's Complaint. The Court agrees with Defendant that its untimely responses have only caused resolution of this case minor delays, which are not prejudicial. See Mesle, 615 F.3d at 1091. Second, being denied entry of default so as to be required to move forward with the litigation, inclusive of the cost and time spent on discovery, does not constitute prejudice. Rather, doing so is in line with the Court's preference to decide cases on the merits. See Eitel, 782 F.2d at 1472.

### ii.  Defendant Morera Gonzalez

First, Defendants argue that Defendant Morera Gonzalez did not engage in culpable conduct that led to Plaintiff's motion for entry of default. Rather, Defendants were delayed in responding to Plaintiff because they needed to determine if service of process was valid, and in any event, Defendant Morera Gonzalez's delays were due to a calendaring mistake. Plaintiff disagrees that Defendant was improperly served. Plaintiff also asserts, like in Defendant AG Freight LLC's case, that Defendant Morera Gonzalez's conduct of failing to file a timely answer was willful and therefore culpable. Second, Defendants contend that, for the same reasons that Defendant AG Freight LLC has a meritorious defense against Plaintiff's claims that concern causation and damages, Defendant Morera Gonzalez also has meritorious a defense against Plaintiff's negligence claims. Plaintiff, like it does in Defendant AG Freight LLC's case, rejects the argument that these defenses are themselves complete defenses against his claims. Lastly, Defendants argue that Plaintiff would not be prejudiced if the Court denied entry of default against Defendant Morera Gonzalez because the litigation has just begun. As they do with the first factor, Defendants also attributes part of their delay in responding to Plaintiff to efforts trying to determine whether Defendant Morera Gonzalez was properly served. In response, Plaintiff raises the same arguments for why Defendant Morera Gonzalez's conduct prejudiced him as he did against Defendant AG Freight LLC.

The Court concludes that the Rule 55(c)'s "good cause" analysis also favors Defendant Morera Gonzalez. First, the Court finds that the conduct leading to the motion for entry of default was not culpable. Second, for the same reasons that Defendant AG Freight LLC asserts meritorious

defenses to Plaintiff's claims against it, Defendant Morera Gonzalez also alleges facts sufficient to establish meritorious defenses against Plaintiff's negligence claim. Lastly, as discussed above, denying Plaintiff's motion for entry of default would not prejudice Plaintiff.

## V.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of Clerk's Default against Defendant AG Freight LLC (ECF No. 8) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Clerk's Default against Defendant Angel Morera Gonzalez (ECF No. 12) is DENIED.

**IT IS FURTHER ORDERED** Defendants' Countermotion to Quash Purported Service (ECF No. 26) is DENIED without prejudice.

**IT IS FURTHER ORDERED** Defendants' Motion to Extend Time (ECF No. 27) is GRANTED. Defendant Morera Gonzalez shall have seven days from the entry of this Order to file an answer to Plaintiff's Complaint.

**DATED:** September 23, 2022

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**